Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | PHILIP G. REINHARD | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50067 | **DATE** | April 17, 2003 |
| **CASE TITLE** | Arthur Reid, Jr., (IDOC #K-53947) v. United States | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, petitioner's motion to amend judgment [9-1] is denied. The Clerk is directed to send a copy of this order to Arthur Reid, Jr. at the Metropolitan Correctional Center.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 17 2003 | 10 |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | APR 17 2003 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| KS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Petitioner Arthur Reid, Jr., filed this petition for habeas corpus under 28 U.S.C. § 2241 challenging a two-year federal sentence scheduled to commence on March 30, 2003, upon Reid's release from the custody of the Illinois Department of Corrections. The sentence was imposed by Judge Curran of the Eastern District of Wisconsin in 1999, revoking a three-year supervised release term that had been imposed as part of Reid's sentence for a 1994 federal conviction, and was to be served consecutively to the 15-year Illinois sentence Reid was then serving. Because the conduct violating the terms of the supervised release had resulted in the harsh 15-year state sentence, Reid asked that any sentence for violating the conditions of his supervised release run concurrently with it, but Judge Curran rejected Reid's plea and imposed a consecutive sentence. Reid neither appealed the sentence nor filed a motion under 28 U.S.C. § 2255 to amend it.

Reid's petition asserted the following grounds for relief: (1) Judge Curran erroneously calculated Reid's offense level and he should have initially been sentenced only to probation, like his co-defendant; (2) Reid's initial sentence was "illegal," so he should receive compensating credit for time spent in state custody; (3) Reid's initial sentence was "illegal," hence he could not properly be convicted of violating the terms of the supervised release it imposed; and (4) that his federal sentence should run concurrently because the state-court sentence punished him for the same conduct.

The court dismissed the petition on March 17, 2003, holding it lacked jurisdiction under 28 U.S.C. § 2241 to consider a challenge to Reid's conviction, original sentence, or supervised-release revocation sentence, because any such challenge would have to be raised by direct appeal or by motion under 28 U.S.C. § 2255. The court declined to construe Reid's petition as a motion under § 2255 to vacate his sentence (requiring the court to transfer it to the sentencing court) because as a § 2255 motion it would be hopelessly untimely.

Reid filed a "motion to amend judgment with additional findings" on March 28, 2003, which the court treats as a timely but frivolous motion to reconsider under Rule 59(e). Reid now claims that his petition should not have been construed as attacking his conviction or sentence, but as challenging the "execution" of his 1999 sentence. Reid asserts that the Attorney General acted unreasonably in denying him credit against his federal sentence pursuant to 18 U.S.C. § 3585(b) for his time in state custody. Reid claims this is what he intended all along, and attaches a letter addressed to the court dated February 7, 2003 -- although Reid's statement in the letter that he needs discovery to present "indisputable proof of the illegality of my initial sentence" is inconsistent with this assertion.

In any event, the court addressed the petition Reid actually filed, and believes it was properly construed as a collateral attack on Reid's conviction and sentence over which the court lacked jurisdiction. But even assuming the court had jurisdiction under 28 U.S.C. § 2241 to consider Reid's supposed challenge to the "execution" of his sentence, the petition could only be dismissed as frivolous.

The Attorney General could not, and cannot, credit Reid's time in state custody against his federal sentence. The Attorney General, rather than the sentencing court, computes the credit a defendant receives under 18 U.S.C. § 3585(b) -- although only *after* he begins serving his federal sentence. *United States v. Wilson*, 503 U.S. 329, 333 (1992). Nevertheless, 18 U.S.C. § 3585(b) credits the defendant only with time served either "as a result of the offense for which the sentence was imposed" or "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed," *and* "that has not been credited against another sentence."

In serving his state sentence, Reid was not serving time as a result of the offense for which his 1999 federal sentence was imposed. Although Reid's supervised release was revoked as a result of his state conviction, the new federal sentence represents deferred punishment for his original federal conviction in 1994. *Johnson v. United States*, 529 U.S. 694, 700-01 (2000). When Reid was sentenced in 1994, the court said, in effect, that Reid only had to serve ten months in prison, but if he misbehaved during the supervised release period he would have to serve more time for the original conviction. Although Reid violated the terms of his supervised release by committing a criminal offense resulting in a new conviction, he could have been sentenced to imprisonment for a violation of the terms of his supervised release that did not result in a new conviction, or that was not in itself a crime. *Id.*, 529 U.S. at 700.

Reid's time in state custody qualified under the second part of § 3585(b) as time served "as a result of any other charge for which [Reid] was arrested after the commission of the offense for which the sentence was imposed," but Reid cannot receive credit against his federal sentence because it has been "credited against another sentence" -- the Illinois sentence he has been serving. *See United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). Any claim for credit under 18 U.S.C. § 3585(b) would be frivolous, and the motion to reconsider is denied.